IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LAJUNE DUNLAP, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § Case No. 4:09cv234 |
| | § |
| DENISON INDEPENDENT SCHOOL | § |
| DISTRICT, DR. HENRY SCOTT, DR. | § |
| GEORGE HATFIELD AND JERRI L. | § |
| BONE, | § |
| | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER REGARDING MOTION TO DISMISS

Now before the Court are Defendants' Motion to Dismiss for Plaintiff's Failure to State a Claim (13) and Defendants' Motion to Enter Order (Dkt. 29). As set forth fully below, Defendants' Motion to Dismiss for Plaintiff's Failure to State a Claim (13) is GRANTED in part and DENIED in part, and Defendants' Motion to Enter Order (Dkt. 29) is DENIED.

### BACKGROUND

In this case, Plaintiff sues the Denison Independent School District and several of its officials for alleged unlawful employment practices. Plaintiff claims that she, an African American female, was hired as a secretary at the DISD administrative offices, but that she was paid less than the previous employee who held her position, a white female. Plaintiff alleges that her lower rate of pay resulted from a conscious determination by the school district to pay her less because of her race.

Plaintiff also claims that the school district did not properly screen its employees, forcing Plaintiff to work with individuals who were disrespectful, unfit, and discriminatory. As to Defendant Bone specifically, Plaintiff claims that Bone pushed her out of her office and slammed the door, causing injury to her foot.

Plaintiff's complaint lists the following causes of action against Defendants: racial discrimination in violation of 42 U.S.C. § 2000e and 42 U.S.C. § 1981, assault and battery, fraud, intentional infliction of emotional distress, invasion of privacy, attempted malicious criminal prosecution, negligence, negligent hiring, retaliation, tortious interference with prospective business relationship, and promissory estoppel.

Defendants have filed a motion seeking to dismiss some of Plaintiff's claims. Defendants' motion to dismiss was originally filed on June 22, 2009. When Plaintiff failed to file a response, Judge Schell granted the motion to dismiss, dismissed the case in its entirety, and entered a final judgment in this matter. Almost a month later, Plaintiff filed a motion seeking to set aside the final judgment and seeking leave to extend the time to file a response to the motion to dismiss. Plaintiff's request was granted, the final judgment was set aside, the case was re-opened, and Plaintiff was given until September 16, 2009 to file her response. Plaintiff did not file her response until October 5, 2009. On February 18, 2010, this case was reassigned to the undersigned by consent of the parties.

The Court notes that Judge Schell's order setting aside his final judgment is silent as to the order granting the motion to dismiss, but impliedly sets that order aside in granting Plaintiff leave to file a response. To the extent the order has not already been vacated by Judge Schell's prior order,

the Court hereby sets aside the July 14, 2009 Order Granting Defendants' Motion to Dismiss for Plaintiff's Failure to State a Claim (Dkt. 15).

Defendants have filed a motion objecting to the Court's consideration of Plaintiff's late-filed response and asking the Court to dismiss Plaintiff's claims here. The Court notes that Plaintiff has engaged in sloppy pleading practice to-date in this case. However, dismissal at this phase of the proceedings is not appropriate. The question before the Court is simply whether Plaintiff's complaint has stated a claim for the causes of action listed. The Court needs no response from Plaintiff in order to make such a determination, although the Court will consider what Plaintiff has filed here. Therefore, Defendants' motion to enter order (Dkt. 29) is DENIED.

While the Court will consider the late-filed response as to this motion, Plaintiff's counsel is directed to fully review the Local Rules of this Court regarding response deadlines. Any future failures to timely file documents will not be tolerated and, unless they are unopposed, all motions should be responded to, in writing, by the deadline set forth in the rules.

### STANDARD[1]

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing

---

[1]The Court notes that neither party cites to this recent standard. The parties are cautioned to rely on (and cite to) current precedent in future pleadings filed here.

any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. As recently explained by the Supreme Court, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). In deciding whether to grant a motion to dismiss, the district court "must not go outside the pleadings ..." *Scanlan v. Tex*as *A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citations omitted).

## ANALYSIS

Defendants seek to dismiss several of Plaintiff's claims for failure to state a claim. The Court will address each claim individually.

*Equal Pay*

To establish a *prima facie* case under the Equal Pay Act, Plaintiff must show that: (1) her employer is subject to the Act; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) she was paid less than the employee of the opposite sex providing the basis of comparison. *Chance v. Rice University*, 984 F.2d 151, 153 (5th Cir. 1993).[2] Here, Plaintiff has alleged that she was paid less than Julie Elrod, a white female employee. Because Plaintiff has not alleged that she was paid less than an employee of the opposite sex, she has not stated a claim under the Equal Pay Act. Therefore, that claim is dismissed.

---

[2]The Equal Pay Act provides the following:
(1) No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided*, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

29 U.S.C.A. § 206(d)(1).

*Discrimination*

Plaintiff also asserts claims of discrimination. In order to establish a *prima facie* case of employment discrimination, a plaintiff must show: (1) she is a member of a protected group; (2) she was qualified for the position; (3) an adverse employment action occurred; and (4) she was replaced by a person not in the protected group. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973); *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *Willis v. Coca Cola Enters., Inc.,* 445 F.3d 413, 420 (5th Cir. 2006).

Here, Plaintiff has alleged that she was paid less than a white female employee. As noted above, any claims of gender discrimination require that she allege that she was paid less than a member not in that protected class – a man. Plaintiff has not alleged that here. Therefore, any claims of gender discrimination are dismissed. In claiming she was treated differently than a similarly situated white employee, however, Plaintiff has sufficiently stated a claim for racial discrimination and those claims remain.

*Intentional Infliction of Emotional Distress*

Plaintiff also asserts that DISD's treatment of her constituted intentional infliction of emotional distress. In particular, Plaintiff claims that her reassignment to the position of teacher's aide in a class of mentally challenged adults required her to change adult diapers, clean up human feces, and perform other "degrading" chores. Plaintiff argues that she was not prepared or trained to perform such tasks and that therefore the requirement to do so constituted an intentional infliction of emotional distress by the school district.

To recover damages for intentional infliction of emotional distress, Plaintiff must establish that: (1) Defendant acted intentionally or recklessly; (2) Defendant's conduct was extreme and outrageous; (3) Defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). Extreme and outrageous conduct is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex. 1993) (internal citations omitted). Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *GTE Southwest, Inc. v. Bruce,* 998 S.W.2d 605, 612 (Tex. 1999).

The Court finds that Plaintiff here has not alleged facts sufficient to state a claim for intentional infliction of emotional distress. Specifically, the Court finds that Plaintiff has not alleged facts sufficient to show extreme and outrageous conduct. Requiring an adult employee of a school district to change adult diapers for students who are unable to independently use the restroom is not degrading and beyond all possible bounds of decency. It is, quite the contrary, the expected and decent thing to do. That it was an unpleasant or even gross experience for Plaintiff does not make it actionable. Therefore, that cause of action is dismissed.

*Invasion of Privacy*

Plaintiff next claims that DISD intentionally invaded her privacy by searching her purse and person for a concealed weapon when she reported for duty at Denison High School. To establish a claim of invasion of privacy, Plaintiff must show (1) an intentional intrusion, physically or otherwise,

7

upon her solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person. *Webb v. Glenbrook Owners Ass'n, Inc.*, 298 S.W.3d 374, 387 (Tex. App. – Dallas 2009, no pet.). When assessing the offensive nature of the invasion, courts must determine whether the intrusion is unjustified or unwarranted. *Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex.1973).

Here, Plaintiff has not alleged in her complaint how the search of her purse or person for a gun would be highly offensive to a reasonable person. In her response to the motion to dismiss, Plaintiff argues that the only people who would not be "totally offended by such actions are common criminals."[3] But Plaintiff states no facts in her complaint to show why the alleged search would be highly offensive to a reasonable person. Without facts to show why the search of her purse was unjustified, Plaintiff's invasion of privacy claim is dismissed.

*Attempted Malicious Criminal Prosecution*

In her complaint, Plaintiff also asserts a claim of "attempted malicious criminal prosecution" against DISD. In asserting a malicious criminal prosecution claim, a plaintiff must establish: (1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff. *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997).

---

[3]The Court questions whether this is the case as every courthouse, which employs clerks, deputies and judges – including the undersigned – has a metal detector and guards to search those entering.

8

Here, Plaintiff has not alleged facts that would show that any criminal prosecution was commenced against her, nor has she alleged facts to show that any such prosecution was terminated in her favor. In fact, Plaintiff has wholly failed to make any arguments about her malicious prosecution claim in her response to the motion to dismiss whatsoever. Her claim for malicious criminal prosecution cannot stand and is therefore dismissed.

*Negligence and Negligent Hiring*

Plaintiff has asserted a claim of negligence for breaching the duty of responsible hiring and a claim of negligent hiring. In Texas, "[a]n employer owes a duty to the general public to ascertain the qualifications and competence of the employees it hires, especially when the employees are engaged in occupations that require skill or experience and that could be hazardous to the safety of others," and negligent hiring, retention, and supervision claims are all treated simple negligence causes of action based on an employer's direct negligence. *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App. – Fort Worth 2008, no pet.). Therefore, Plaintiff will have stated her negligence and negligent hiring claims here if she has alleged facts to show that DISD hired an incompetent or unfit employee whom it knew, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others. *Id.* Negligence in hiring or retention requires that the employer's failure to investigate, screen, or supervise its employees proximately cause the injuries the plaintiff alleges. *Fifth Club, Inc. v. Ramirez,* 196 S.W.3d 788, 796 (Tex. 2006).

Defendants argue that Plaintiff has failed to allege the requisite elements of her claim. The Court disagrees. Plaintiff claims that an administrative supervisor, Jerri L. Bone, demonstrated a

9

racist attitude toward her and physically attacked her and that DISD failed to screen her to determine whether she was unfit for her position. Plaintiff further alleges that DISD knew or should have known that hiring Bone would create a risk of danger to Plaintiff and that DISD's failure to adequately screen Bone proximately caused damages to her. The Court finds that, while the facts alleged may not survive summary judgment, this is sufficient to survive a motion to dismiss under Rule 12(b)(6) and the recent authorities citing it.

*Retaliation*

Defendants argue that Plaintiff has failed to state a claim of retaliation. To establish a *prima facie* case of retaliation, Plaintiff must show that: (1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the materially adverse action. *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008).

In this case, Plaintiff claims that she was re-assigned to the teacher's aide position after meeting with NAACP officials and making complaints of discrimination to them and school officials in a joint meeting. While the Court declines to make any finding at this time that the re-assignment to the teacher's aide position was an adverse employment action, the Court finds Plaintiff has alleged enough facts to support a claim of retaliation at this time.

*Tortious Interference with Prospective Business Relationship*

Defendants seek dismissal of Plaintiff's claim that DISD tortiously interfered with "a prospective relationship between Plaintiff and contacts and persons associated with her employment." To prevail on a claim for tortious interference with prospective business relations,

a plaintiff must show: (1) a reasonable probability that the plaintiff and a third party would have entered into a contractual relationship; (2) that an independently tortious or wrongful act by the defendant prevented the relationship from occurring; (3) that the defendant did the act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of the conduct; and (4) that the plaintiff incurred actual harm or damage as a result of the defendant's interference. *Astoria Indus. of Iowa, Inc. v. SNF, Inc.*, 223 S.W.3d 616, 632-33 (Tex. App. – Fort Worth 2007, no pet.).

The Court agrees with Defendants that Plaintiff has failed to state any facts to support this claim. Plaintiff has neither identified a third party with whom a contractual relationship was to be entered, nor has she alleged any facts showing an independently tortious or wrongful interfering act by any defendant. Moreover, Plaintiff has failed to respond whatsoever to Defendants' motion to dismiss this cause of action. Therefore, it is dismissed.

*Promissory Estoppel*

Defendants also seek to dismiss Plaintiff's promissory estoppel claim. A plaintiff alleging promissory estoppel generally must show: (1) a promise; (2) foreseeability that the promisee would rely on the promise; and (3) substantial reliance by the promisee to his detriment. *El Paso Dick's Last Resort of West End, Inc. v. Market/Ross, Ltd.*, 273 S.W.3d 905, 916 (Tex. App. – Dallas 2008, pet. denied) (citing *English v. Fischer,* 660 S.W.2d 521, 524 (Tex.1983)).

Defendants argue that Plaintiff has failed to allege any reliance here. The Court disagrees. In Plaintiff's complaint, she claims that she accepted the transfer from an administrative position to a teacher's aid and performed all requirements of the new position "with the anticipation that she

would received another position within the school district." The Court finds that such facts sufficiently allege reliance. Therefore, the motion to dismiss the promissory estoppel claim on that grounds is denied.

Defendants also argue that Plaintiff has not demonstrated the basis upon which the at-will employment relationship was modified. Without any significant argument to explain their position, Defendants cite to *Herod v. Baptist Foundation of Texas*, 89 S.W.3d 689, 693 (Tex. App.– Eastland 2002, no pet.) for the proposition that an employer's oral statements do not modify an employee's at-will status absent a definite, stated intention to the contrary. The Court finds that this argument is more properly reserved for the summary judgment phase of proceedings. Plaintiff has sufficiently alleged facts to support a promissory estoppel claim and the motion to dismiss that claim is therefore denied at this time.

*Fraud*

Defendants seek dismissal of Plaintiff's fraud claim against Defendant Dr. Henry Scott. In Texas, the elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009).

Plaintiff claims that Dr. Henry Scott promised her that if she would agree to transfer to a location within the school district for the remainder of the year, she would be given a job somewhere

12

else within the district. Defendant argues that Plaintiff has failed to state a claim for fraud because she has not alleged that Dr. Scott knew this statement was false. The Court agrees. Generally, an at-will employee cannot bring a fraud claim against his employer based upon the employer's decision to terminate the employment. *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 381 (Tex. App. – Houston [1st Dist.] 2007, no pet.). Moreover, Plaintiff's complaint fails to state facts sufficient to support each element of fraud. While Plaintiff's response claims that Dr. Scott knew that there were no positions available, such a factual allegation has not been made as part of Plaintiff's complaint. Additionally, Plaintiff has not alleged any facts – either in the response or complaint – that would show that Dr. Scott told Plaintiff this with the intent that she would not seek other employment. As such, Plaintiff's fraud claims are dismissed. Because the fraud claim is the only claim asserted against him, Defendant Henry Scott is dismissed from the case.

*Claims Against Dr. George Hatfield*

Defendants also argue that Dr. George Hatfield should be dismissed as a party to the suit because, while he is named as a defendant, no causes of action have been asserted against him and no facts have been alleged that would give rise to any independent causes of action against him. The Court agrees that Plaintiff's complaint asserts no independent cause of action against Defendant Hatfield, and Plaintiff's response makes no arguments regarding why the claims against Hatfield should not be dismissed. Therefore, without any causes of action asserted against him, Defendant George Hatfield is dismissed from the case.

## CONCLUSION

As set forth above, Defendants' motion to dismiss is GRANTED as to Plaintiff's claims of Equal Pay Act violations, intentional infliction of emotional distress, gender discrimination, invasion of privacy, attempted malicious criminal prosecution, and tortious interference with prospective business relationships. Further, Plaintiff's fraud claims against Defendant Henry Scott are dismissed, and Defendants Henry Scott and George Hatfield are dismissed from this case.

The motion to dismiss is DENIED as to Plaintiff's claims of racial discrimination, negligence and negligent hiring, retaliation, and promissory estoppel, and those claims remain at this time. The Court notes that Defendants have not sought dismissal of Plaintiff's assault and battery claims against Defendant Jerri L. Bone; therefore, those claims remain as well.

**SO ORDERED.**

**SIGNED this 24th day of March, 2010.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE