# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| LAJUNE DUNLAP, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Case No. 4:09cv234 |
| DENISON INDEPENDENT SCHOOL DISTRICT, DR. HENRY SCOTT, DR. GEORGE HATFIELD AND JERRI L. BONE, | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING MOTIONS TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

In this case, Plaintiff originally sued the Denison Independent School District and several of its officials for alleged unlawful employment practices. Plaintiff claims that she, an African American female, was hired as a secretary at the DISD administrative offices, but that she was paid less than the previous employee who held her position, a white female. Plaintiff alleges that her lower rate of pay resulted from a conscious determination by the school district to pay her less because of her race. Plaintiff also claims that the school district did not properly screen its employees, forcing Plaintiff to work with individuals who were disrespectful, unfit, and discriminatory. As to Defendant Bone specifically, Plaintiff claims that Bone pushed her out of her office and slammed the door, causing injury to Plaintiff's foot.

1

Plaintiff's most recently filed complaint lists the following causes of action against Defendants: racial discrimination in violation of 42 U.S.C. § 2000e and 42 U.S.C. § 1981, assault and battery, fraud, intentional infliction of emotional distress, invasion of privacy, attempted malicious criminal prosecution, negligence, negligent hiring, retaliation, tortious interference with prospective business relationship, and promissory estoppel.

On March 25, 2010, the Court entered an order dismissing Plaintiff's claims of Equal Pay Act violations, intentional infliction of emotional distress, gender discrimination, invasion of privacy, attempted malicious criminal prosecution, and tortious interference with prospective business relationships. Defendants Henry Scott and George Hatfield were also dismissed from this case.

Plaintiff's claims of racial discrimination, negligence and negligent hiring, retaliation, and promissory estoppel are thus currently pending, as well as Plaintiff's assault and battery claims against Defendant Jerri L. Bone.

Defendants have now filed the following motions as to the remaining claims:

- Defendant Denison Independent School District's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 39)

- Defendant Jerri L. Bone's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 40); and

- Defendants' Motion for Summary Judgment (Dkt. 41).

In Defendant Denison Independent School District's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 39), the school district argues that the Court lacks subject matter jurisdiction over Plaintiff's claims for negligence, negligent hiring and promissory estoppel.

Specifically, Defendant argues that Plaintiff has not shown how the school district has waived its governmental immunity for these claims.

Plaintiff has not filed any response to the motion. It is Plaintiff's burden to prove jurisdiction over her claims. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994). In Texas, Governmental immunity from suit defeats a trial court's subject matter jurisdiction. *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004). And, Plaintiff has offered no response to Defendant's argument that Section 101.051 of the Texas Civil Practice and Remedies Code limits a school district's liability under the Texas Tort Claims Act to damages for negligence arising "from the operation or use of a motor driven vehicle or motor driven equipment." TEX. CIV. PRAC. & REM. CODE § 101.021; *see also Montoya v. Houston Indep. Sch. Dist.,* 177 S.W.3d 332, 335 (Tex. App. – Houston [1st Dist] 2005, no pet.).

Further, in this District, failure to file a timely response to a motion indicates that a party is not opposed to the relief requested. *See* E.D. TEX. L. R. CV-7(d). More than a month after Plaintiff's responses were due in this case, the Court even issued an order reminding Plaintiff that if she failed to file a response to the pending motions by August 4, 2010, this Court would assume she did not oppose the relief requested. *See* Dkt. 43. Now, more than a month after that deadline and three months after the motions were filed, no responses have been filed.

In this Court's March 25, 2010 order, the Court directed Plaintiff's counsel to fully review the Local Rules of this Court regarding response deadlines. *See* Dkt. 36. The Court further cautioned that "[a]ny future failures to timely file documents will not be tolerated and, unless they are unopposed, all motions should be responded to, in writing, by the deadline set forth in the rules."

3

*Id.* Therefore, the motion to dismiss (Dkt. 39) is GRANTED and Plaintiff's claims for negligence, negligent hiring and promissory estoppel are hereby dismissed.

Defendants Denison Independent School District and Jerri L. Bone have also filed a motion for summary judgment as to Plaintiff's remaining claims (*see* Dkt. 41).

*Discrimination & Retaliation*

The Court first turns to Plaintiff's claims of discrimination and retaliation. Plaintiff claims that she was paid less than her predecessor – who was a white female – and that her lower rate of pay resulted from a conscious determination by the school district to pay her less because of her race. Plaintiff also claims that she was forced to work with individuals who were disrespectful, unfit, and discriminatory.

The Fifth Circuit has set forth a specific rubric under which this Court must analyze the summary judgment record in the employment discrimination context. The modified *McDonnell Douglas* test is used when analyzing claims for race discrimination under Title VII. Under the modified *McDonnell Douglas* approach, a plaintiff must demonstrate a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973); *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *Willis v. Coca Cola Enters., Inc.,* 445 F.3d 413, 420 (5th Cir. 2006). In order to establish a *prima facie* case of race discrimination, a plaintiff must show: (1) she is a member of a protected group; (2) she was qualified for the position; (3) an adverse employment action occurred; and (4) she was replaced by a person not in the protected group. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007); *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S. Ct. 2742, 125 L. Ed.2d 407 (1993).

Once established, the *prima facie* case raises a presumption of discrimination which the defendant must rebut by articulating legitimate, nondiscriminatory reasons for its actions. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed.2d 105 (2000); *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-56, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981). The burden on the employer at this stage is one of production, not persuasion and does not involve any assessment of the employer's credibility. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

Once the defendant produces evidence of a legitimate, nondiscriminatory reason for the adverse action, "the presumption of discrimination created by the plaintiff's *prima facie* case disappears and the plaintiff must meet its ultimate burden of persuasion on the issue of intentional discrimination." *Machinchick v. PB Power, Inc.,* 398 F.3d 345, 350 (5th Cir. 2005). Consequently, the burden shifts back to the plaintiff to show that either: (1) the defendant's reason is not true, but is instead designed to serve as pretext for unlawful discrimination; *or* (2) that the defendant's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic. *Id.* at 351-52; *Rachid,* 376 F.3d at 312 (citation omitted). "[T]he plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer." *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th. Cir. 2007).

Having reviewed the record, the Court finds that Plaintiff has failed to make a *prima facie* showing of racial discrimination. In particular, there is no evidence to support the allegation that Plaintiff was treated differently from a white employee. Further, as noted above, even if Plaintiff had made a sufficient *prima facie* showing of discrimination, Defendant here has made a showing

of a legitimate, nondiscriminatory reason for the change in pay.

Specifically, Defendant has offered evidence to show why Plaintiff's pay was less than her predecessor's. Defendant's evidence indicates that, after the job responsibilities were modified, the pay grade for Plaintiff's position as a Curriculum Secretary was re-classified. According to Defendant's summary judgment evidence, the change in pay grade occurred *before* the position was posted, *before* Plaintiff submitted her application for employment, and *before* she was hired. Further, according to Defendant's un-rebutted summary judgment evidence, the position of Curriculum Secretary is currently held by a white female employee who is paid at a grade level of 5, the same pay grade as Plaintiff.

As to Plaintiff's removal from that position, Defendant has offered evidence to show that, once Plaintiff was hired as the Curriculum Secretary, she was unable to perform her job responsibilities and was deemed not qualified. According to the summary judgment evidence, because of her poor job performance as a secretary, Plaintiff was transferred to serve as an elementary school teacher's aide. When she was not succeeding in that position, the summary judgment evidence shows that she was moved to the high school to serve as a teacher's aide.

In the face of these non-discriminatory reasons (and the evidence supporting them), Plaintiff is required to offer evidence of intentional discrimination to show that the reasons offered by Defendants are merely pretextual. Plaintiff has not offered any credible evidence of discrimination or pretext. Indeed, Plaintiff has altogether failed to sustain her clear summary judgment burden here. After the Court ordered a response – and almost two months after her response was originally due– Plaintiff filed a five-page brief in response; Plaintiff did not attach any summary judgment evidence

to it. Plaintiff's response does not comply with Rule 56 of the Federal Rules of Civil Procedure which states:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against the party.

FED. R. CIV. P. 56(e)(2).

The Local Rules of this Court also require Plaintiff to attach "***excerpted copies*** of pleadings, depositions, answers to interrogatories, admissions, affidavits, and other admissible evidence cited in the motion for summary judgment or the response thereto." E.D. TEX. L. R. CV-56(d) (emphasis added). Because there is no evidence before the Court to create a genuine issue of material fact as to Plaintiff's discrimination claims, Defendant's motion for summary judgment is granted as to those claims.

Plaintiff also claims that her transfer to the position of teacher's aide constituted retaliation after she contacted the NAACP regarding the school district. In failing to show pretext under *McDonnell Douglas*, Plaintiff has also failed to provide the Court with any evidence to show that "the adverse employment action ... would not have occurred but for [the] protected conduct," causing any retaliation claim Plaintiff has to fail. *Strong v. University HealthCare Sys.*, LLC, 482 F.3d 802, 806 (5th Cir. 2007).

Although the Court has reviewed what it has before it, the Court will not – and indeed is not required to – scour the record in this matter to determine whether Plaintiff could create a genuine

issue of material fact as to each element of her discrimination and retaliation claims. *See* E.D. TEX. L. R. CV-56(d). The evidence that the Court has been able to decipher does not create any fact issue, and it declines to spend its time in order to create one. The non-movant's burden in summary judgment proceedings is clear. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655. The Court's time and resources are limited, and the Court will not do Plaintiff's work for her. Therefore, in light of the summary judgment evidence before this Court and having applied the parties' respective burdens, summary judgment is GRANTED for Defendants on Plaintiff's claim of employment discrimination and retaliation.

*Assault & Battery*

Finally, the Court turns to Plaintiff's claims of assault and battery against Defendant Jerri L. Bone.

In Defendant Jerri L. Bone's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 40), Defendant argues that the Court should dismiss Plaintiff's claims of assault and battery against her (if Plaintiff's claims for discrimination and retaliation are dismissed) because there is no longer jurisdiction over them. Plaintiff has filed a brief response to this motion.

This Court had jurisdiction over Plaintiff's assault and battery claims pursuant to 28 U.S.C. § 1367's supplemental jurisdiction provisions. 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution."). As recently noted by United States supreme Court:

> With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. *See* §§ 1367(a), (c) ... As a result, "the [district] court's exercise of its discretion under § 1367(c) is not a jurisdictional matter. Thus, the court's determination may be reviewed for abuse of discretion, but may not be raised at any time as a jurisdictional defect." 16 J. Moore et al., *Moore's Federal Practice* § 106.05[4], p. 106-27 (3d ed. 2009).

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866-67 (2009).

In exercising its discretion, the Court considers principles informing the pendent jurisdiction doctrine: economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed.2d 720 (1988). Weighing these factors, the Court chooses to exercise supplemental jurisdiction over the remaining claims.

First, this case has been pending for more than a year and is ready for trial. The Court finds that dismissal at this juncture would not serve judicial economy. Moreover, while it is Defendants who seek dismissal of these claims, the Court notes that they have already invested significant resources in litigating Plaintiff's complaints in this forum. If the matter is dismissed and re-filed in state court, Defendants will undoubtedly be forced to incur additional expenses in defending the claims there. The claims shall remain before this Court, and the motion to dismiss the state law claims (Dkt. 40) is DENIED.

Defendants' motion for summary judgment also seeks summary judgment on the assault and battery claims. Again, Plaintiff has offered no evidence in support of these elements. Nonetheless, the Court finds that even the evidence submitted by Defendants indicates that there is a genuine issue of material fact as to Plaintiffs' claims and that should not be disposed of on summary judgment. Specifically, some of the summary judgment evidence indicates Plaintiff was pushed, and other

evidence indicates she was not. The Court finds that whether Plaintiff's allegations are true are matters of credibility. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge...." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986). Therefore, summary judgment will not be granted as to those claims.

Defendants' request for attorney's fees under 42 U.S.C. § 2000e-5(k) is denied at this time. Such an award of fees is discretionary, and the Court declines to award them at this time. See 42 U.S.C. § 2000e-5(k) ("the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs...."). If, however, Plaintiff fails to actively participate in the remainder of this case, Defendants may re-urge their request at a later date for the Court's consideration.

Therefore, as set forth fully herein, Defendant Denison Independent School District's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 39) is GRANTED, Defendant Jerri L. Bone's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 40) is DENIED, and Defendants' Motion for Summary Judgment (Dkt. 41) is GRANTED in part and DENIED in part such that Plaintiff's claims for negligence, negligent hiring and promissory estoppel are dismissed, Plaintiff shall take nothing by her claims of employment discrimination and retaliation, and Plaintiff's claims of assault and battery remain pending before the Court at this time.

**SO ORDERED.**

SIGNED this 7th day of September, 2010.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE