IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LAJUNE DUNLAP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:09cv234 |
| | § | |
| DENISON INDEPENDENT SCHOOL DISTRICT, DR. HENRY SCOTT, DR. GEORGE HATFIELD AND JERRI L. BONE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFF'S CLAIMS

On September 7, 2010, the Court conducted a final pretrial conference in this matter. Shortly before the hearing, the Court issued an order disposing of all of Plaintiff's claims in this case, except for her assault and battery claims. *See* Dkt. 52. At the hearing, the Court heard argument from Defendants' counsel regarding Defendants' Motion for Involuntary Dismissal (Dkt. 49).

Counsel for Defendants appeared at the hearing as noticed. Counsel for Plaintiff did not. Notice of the Court's scheduling order, including the time for the pretrial conference, was sent to counsel for all parties on February 19, 2010. *See* Dkt. 35. Counsel's failure to appear is only one of many failures to comply with Court orders in this case and the Local Rules of this Court.

After Plaintiff failed to respond to Defendants' motion to dismiss for failure to state a claim, the Court dismissed the case. Then, the order dismissing and final judgment were set aside after

1

Plaintiff filed a motion stating that the failure to respond was a result of Plaintiff's counsel's travel schedule and inability to read his mail or email. The case was then assigned to the undersigned.

On March 25, 2010, the Court ruled on various motions to dismiss and, although it allowed some claims to proceed and considered Plaintiff's late-filed response to those motions, cautioned Plaintiff that "[a]ny future failures to timely file documents will not be tolerated and, unless they are unopposed, all motions should be responded to, in writing, by the deadline set forth in the rules." *See* Dkt. 36. After this order was entered, Defendants filed several motions to dismiss and a motion for summary judgment. When Plaintiff filed no written response to those motions, the Court then entered an order directing that any responses be filed by a particular date. *See* Dkt. 43. Plaintiff filed brief responses to two of the three motions. Despite the Court's various orders regarding the effects of failing to file a response to a motion, Plaintiff again failed to file responses to two other motions filed by Defendants, including the motion to involuntarily dismiss the case for failure to comply with this Court's orders and the Federal Rules of Civil Procedure.

As the Court has repeatedly noted in this case, failure to file a timely response to a motion in this District indicates that a party is not opposed to the relief requested. *See* E.D. TEX. L. R. CV-7(d). Defendants' Motion for Involuntary Dismissal has been pending for more than a month, and nothing has been filed in response to it. Further, according to the motion and Defendants' counsel's arguments at the September 7, 2010 hearing, in addition to missing response deadlines, Plaintiff has failed to file pretrial disclosures and submitted incomplete discovery responses. Plaintiff's counsel also did not respond to Defendants' counsel's attempts at conferencing and did not provide requested information regarding the parties' court-ordered joint conference report. And, ultimately, neither

2

Plaintiff nor her counsel appeared at the final pretrial conference ready to proceed with the trial on her claims.

Rule 41(b) of the Federal Rules of Civil Procedure permit involuntary dismissal of an action where "the plaintiff fails to prosecute or to comply with these rules or a court order...." FED. R. CIV. P. 41(b). Based on Plaintiff's failure to respond to the motion to dismiss, failure to file any pretrial materials in preparation for her case, or failure to even appear at the pretrial conference, for which she was given more than *six months* notice, the Court finds that dismissal is appropriate here. Defendants' Motion for Involuntary Dismissal (Dkt. 49) is therefore GRANTED, and Plaintiff's remaining assault and battery claims are dismissed with prejudice.

Finally, the Court finds that Plaintiff's counsel's conduct in this case might warrant disciplinary action involving suspension or disbarment. Based on Plaintiff's counsel's total disregard for the orders and Local Rules of this Court as well as the decorum and professionalism expected of attorneys who practice in this District, the Court further recommends that this matter be referred to the Chief Judge for further and final disciplinary action in accordance with Local Rule AT-2.

**SO ORDERED.**

SIGNED this 7th day of September, 2010.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE